**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARICELA MARIN MONTES DE OCA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 3:26-cv-01729** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **TODD BLANCHE, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | | |

**<u>MEMORANDUM & ORDER</u>**

The petitioner, Maricela Marin Montes de Oca, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order of immediate release from detention. (Doc. No. 1.) The Government has since filed its Response. (Doc. No. 13.) For the following reasons, the writ will be granted.

## I. BACKGROUND

The Petitioner is a citizen of Mexico who entered the United States in 2015. (Doc. No. 1 ¶¶ 5, 10.) She entered the country through a port of entry in California and was paroled into the country's interior by immigration authorities. (*Id.* ¶ 11.) In 2023, the Petitioner filed an application for asylum, which remains pending. (*Id.* ¶ 13.) She resides in Lebanon, Tennessee, is employed as a painter, and has four children, including a child that is an American citizen. (*Id.* ¶ 14.)

On October 24, 2026, the Petitioner was arrested and charged with various state law misdemeanor offenses. (*Id.* ¶ 15.) She pled guilty to public intoxication and received a five-day jail sentence. (*Id.*) On October 30, 2026, the Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") agents, after completing her five-day sentence for the state law offense. (*Id.* ¶¶ 2, 17.) The Petitioner filed the instant Petition with the court on the same day that

she was detained by ICE. (*See generally id.*)

The Petitioner claims that her continued detention is unlawful because she was not afforded an individualized, pre-deprivation bond custody hearing to challenge her detention. (*Id.* ¶¶ 17, 19, 37.) The Petitioner claims that she is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework—not 8 U.S.C. § 1225(b)'s mandatory detention framework—and that her continued detention violates, among other things, her statutory due process rights under the Immigration and Nationality Act ("INA"). (*Id.* ¶¶ 33–40.)

On November 2, 2026, the Petitioner filed an Emergency Motion for a Temporary Restraining Order, requesting that the court enjoin the Government from transferring the Petitioner outside of the Middle District of Tennessee pending the adjudication of the Petition. (Doc. No. 5.) On November 3, 2026, the court granted the Emergency Motion, ordering the Government to "immediately notify the Court and Petitioner's counsel of Petitioner's location," should the Petitioner be transferred outside of the Middle District of Tennessee before the Government received notice of the court's Order. (Doc. No. 7 at 2.) Despite that Order, the Petitioner was transferred outside of the Middle District of Tennessee on November 11, 2026 (Doc. No. 13 at 2)—nine days *after* the court prohibited the Government from taking such action.

In its Response, the Government requests that the relief sought in the Petition be denied. (*Id.* at 1, 3.) According to the Government, the Petitioner is not entitled to a bond custody hearing because she is subject to § 1225(b)'s mandatory detention framework. (*Id.*) That is because, in the Government's view, the Petitioner is both an "applicant for admission," as defined in 8 U.S.C. § 1225(a)(1), and a noncitizen "seeking admission," as defined in 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 4.) To be clear, the Government does not argue that the Petitioner's state law conviction supplies a basis to detain her without a bond custody hearing.

As detailed below, the court rejects the Government's argument that the Petitioner is subject to § 1225(b). Instead, the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) makes clear that the Petitioner is subject to § 1226(a).

## II. DISCUSSION

In *Lopez-Campos*, the Sixth Circuit specifically found that an "applicant for admission" is not necessarily "seeking admission." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026). This is because the text of the statute demonstrates that, for a noncitizen to be "seeking admission," the noncitizen must be "actively in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. Thus, noncitizens already present within the interior of the United States are detained under § 1226(a), and "§ 1225(b)(2)(A)'s mandatory detention scheme does not apply to them." *Id.*

The Government ignores the substance of *Lopez-Campos*, claiming that its reasoning does not apply to the Petitioner. (Doc. No. 13 at 4.) Tellingly, the Government does not cite a single case that supports its position.

To be crystal clear, the Sixth Circuit's decision in *Lopez-Campos* is on point and controlling. Less than two weeks ago, this court rejected the same argument that the Government advances here. *See Grishina v. Bullock,* No. 3:26-cv-01648, 2026 WL 3319792 (Nov. 2, 2026) (Crenshaw, J.). In *Grishina*, the court specifically found that a noncitizen was subject to § 1226(a)—not § 1225(b)—when the noncitizen entered the United States years earlier, lived in the country's interior for several years, and was detained in the interior by immigration authorities. *Id.* at *2. In this case, the Government does not dispute that the Petitioner was paroled into the country's interior more than ten years ago, lives and works in the interior for years, has filed an asylum application that is currently pending, and was detained in the interior. (Doc. No. 1 ¶¶ 5, 10–15.) Those facts are more than enough to conclude that the Petitioner is subject to § 1226(a)'s

permissive detention scheme.

Because the Petitioner was subject to § 1226(a)'s statutory detention scheme, she had the right to an individualized, pre-deprivation bond hearing. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). It is undisputed that the Government has failed to provide such a hearing, even though the Petitioner has been held in custody for more than two weeks. For that reason, the court will order that the Petitioner be immediately released from detention.

## III. CONCLUSION

For the reasons stated above, the writ of habeas corpus requested by the Petitioner, Maricela Marin Montes de Oca, is **GRANTED**. The court **DECLARES** that the Petitioner is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework. The court **FURTHER DECLARES** that the Petitioner's continued detention is unlawful and violates her due process rights. The Government is **ORDERED** to immediately release the Petitioner from custody in Nashville by 12:00 p.m. CST on Thursday, November, 19, 2026, with all possessions, property, and documents that the Petitioner had at the time she was taken into custody. The Government is **FURTHER ORDERED** to file a Status Report with the court no later than 4 p.m. CST on November 20, 2026 to certify compliance with this Order.

The Government is **FURTHER ORDERED** to submit a separate response no later than 4 p.m. CST on November 20, 2026 that addresses (1) why the Petitioner was transferred outside of the Middle District of Tennessee and the circumstances surrounding that transfer; (2) when the Government's counsel of record in this case became aware of that transfer; and (3) whether that transfer violated the court's November 3, 2026 Order, which prohibited the Government from transferring the Petitioner outside of this District. (Doc. No. 7 at 2).

Having determined that the Petitioner's statutory due process rights were violated, and that she is entitled to a writ of habeas corpus on that basis, the court declines to address her

constitutional due process arguments. (Doc. No. 1 ¶¶ 26–32.) Finally, the Petitioner's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, must be made by a separate motion.

All other relief requested and not addressed herein is **DENIED**.

ALETA A. TRAUGER
United States District Judge